60 days after he actually receives notice of the deficiency. This we do not regard as within the administrative plan of the statute. Section 274 (c), above quoted, authorizes the Commissioner to assess and collect the tax if the taxpayer does not appeal within 60 days. The Commissioner should have definite knowledge of the time when the assessment should be made. He should not be left to all the doubt and uncertainty of actual receipt by the taxpayer and the difficulties of establishing such receipt. The statute avoids this by providing that the date of mailing shall control, so that the Commissioner may assess and collect if within 60 days after he mails a notice of deficiency no appeal in respect thereof has been filed with the Board.

The period is exactly defined. " Within 60 days after such notice is mailed * * *." The time begins *after* the date of mailing. If the statute had said within one day after mailing, it is obvious that the time would have excluded the date of mailing—all of the date, which means up to midnight—and required the filing to take place on the following day. The period, therefore, begins at midnight of the date of mailing. Since the filing must take place *within* 60 days, it must be before the last instant of the sixtieth day expires. If the appeal is filed with the Board before midnight at the end of the sixtieth day after the notice is mailed, it is timely; if not, the right granted by the statute is lost and the appeal must be dismissed.

The motion is granted and the appeal is dismissed.

---

Appeal of STIEGLITZ, TREIBER COM-          Docket No. 653.
PANY, INC.

> Taxpayer had in 1923, an open account with a debtor of $29,-489.08. Being satisfied on reasonable grounds that the account was not collectible to the extent of more than 50% of its face amount, it wrote off half of it as a bad debt in closing its books for 1923. In 1924 it received notes from the debtor for the full amount of the debt, payable in 1, 2, and 3 years, but did not enter them on its books, continuing to carry the reduced debt as an open account receivable. It claimed a deduction in its 1923 income-tax return of $14,744.54 for the bad debt. *Held* that the deduction should be allowed, under the provisions of the Revenue Act of 1921.

Submitted January 14, 1925; decided January 30, 1925.

*H. E. Hanes, Esq.*, for the taxpayer.
*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

From documentary evidence and oral testimony adduced at the hearing, the Board makes the following

FINDINGS OF FACT.

The taxpayer is a New York corporation, engaged in the business of selling tin-plate and sheet iron. Among its customers was William

Vogel & Bros., Inc., a manufacturer of cans, etc. The latter was indebted to the taxpayer, in open account, for goods sold and delivered, to the extent of $29,489.08 in the year 1923. The debtor was in financial difficulties and settled with some of its creditors on a basis of fifty cents on the dollar. The taxpayer was willing to make a similar settlement, but the debtor did not have sufficient funds to permit it to do so.

In closing its books for the year 1923, on or as of December 31, 1923, the taxpayer wrote off 50 per cent of this debt as bad, reducing the amount on its books to the debit of the debtor to $14,744.54 and charging a similar amount to bad debts. At this time it believed the debt to be uncollectible to the extent of more than half of its face, and was justified in such belief by the financial condition of the debtor.

A balance sheet, prepared at the instance of the debtor for the purpose of making a good showing, did not truly reflect its financial condition for the reason that its machinery and stock inventories were carried at figures far above their true value. The debt could not be regarded at December 31, 1923, as reasonably worth more than 50 per cent of its face amount.

In 1924 the debtor gave the taxpayer notes, payable at the end of 1924, 1925, and 1926, for the face amount of the debt. The note due December 31, 1924, was not paid at maturity. The taxpayer made no book entry of the notes but retained them as collateral evidence of the indebtedness, continuing to carry the open account on its books at $14,744.54.

In its income-tax return for 1923 the taxpayer claimed a deduction on account of this item as a bad debt, lumping it with other bad debts. It carried no reserve for bad debts. A revenue agent, examining the books, disallowed as an addition to reserve for bad debts the sum of $14,744.54 and the Commissioner increased the taxpayer's net income in that amount, finding accordingly a deficiency in tax in the sum of $1,806.97. From his determination the taxpayer took this appeal.

DECISION.

The deficiency determined by the Commissioner is disallowed.

---

Appeal of **WHITNEY-ROTH SHOE COMPANY.**        Docket No. 89.

> Where the taxpayer presents satisfactory proof of the value of tangible assets as of the time of their acquisition by the corporate taxpayer, which assets constitute the paid-in surplus of the taxpayer for purposes of invested capital, the determination of the Commissioner to assess under sections 327 and 328 of the Revenue Act of 1918 is disallowed.

Submitted October 24, 1924; decided January 31, 1925.

*Sterling Newell, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.